UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7: 12-CR-106-BO

| UNITED STATES OF AMERICA | ) |  |
| --- | --- | --- |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| DAVID JUSTIN BECK and | ) |  |
| TAMMY MULLEN, | ) |  |
| Defendants. | ) |  |

This matter is before the Court on the defendants' motion to suppress [DE 43]. The defendants seek to suppress all evidence seized from 81 H.E. Hales Drive, Atkinson, North Carolina pursuant to the Fourth Amendment's prohibition against all unreasonable searches and seizures. For the reasons stated herein, the defendants' motion is DENIED.

## BACKGROUND

On August 28, 2012, codefendants Beck and Mullen were indicted by a federal grand jury for manufacturing and possessing with the intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841, using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and maintaining a place for the purpose of manufacturing a controlled substance, in violation of 21 U.S.C. § 856.

These charges were supported by evidence seized from the defendants' residence located at 81 H.E. Hales Drive. The search and seizure of evidence at the residence was prompted by allegations of larceny that had arisen some months earlier. On August 18, 2011, the homeowner residing at 112 Sound View Drive, Hampstead, North Carolina reported several items missing: a ship to shore VHF radio unit, a Temple University class ring, and a Rolex watch box. The day

1

before the homeowner filed this report, Beck and Mullen had been in the home conducting a property assessment in preparation for bank foreclosure. The defendants were employed by Leading Edge Companies, LLC. The homeowner confronted the defendants when he saw them going through his personal items and they left the scene.

On March 12, 2012, Detective Malpass contacted defendant Beck who confirmed that he had been involved in the August, 2011 incident, but denied taking anything. On March 14, 2012, Detective Malpass made contact with defendant Mullen who also stated that she did not take anything from the residence at 112 Sound View Drive. On March 15, 2012, Detective Malpass discovered that defendant Mullen had sold a Temple University class ring to a pawn shop in Wilmington, North Carolina on August 17, 2011. Detective Malpass then secured warrants for the codefendants for felony larceny, felony possession of stolen goods, and obtaining property by false pretenses.

Detective Malpass has stated that he attempted to contact defendant Beck during the day on March 15, 2012, but that defendant Beck did not return his phone calls. Beck disputes this. Detective Malpass also attempted to contact the defendants at their residence. Detective Malpass also surmised that because only one vehicle was registered to the defendants and because that vehicle was located at 81 H.E. Hales, the defendants must have been inside the residence, but refusing to answer the door. As such, a search warrant was granted by a magistrate and executed by the Pender County Sheriff's office at 81 H.E. Hales Drive on March 16th.

The officers went to the residence and knocked on the door, but the defendants did not answer. Believing the defendants to be inside the home, the officers forced entry into the house and the defendants fled through a rear entrance where other officers were waiting. The officers observed that the front door had been reinforced with a board. Upon entering the residence and

initiating the search, the deputies noted a strong odor of marijuana and found a 12-gauge shotgun. As such, the deputies halted the search for stolen property and secured a search warrant for narcotics, which was granted by a magistrate. The execution of the second search warrant led to the seizure of thirteen marijuana plants, baggies of marijuana, a .22 caliber pistol, and other items associated with the cultivation and smoking of marijuana.

## DISCUSSION

The defendants argue that the first search warrant was invalid for three reasons: (1) the warrant was obtained based on false statements provided by Detective Malpass; (2) there was no probable cause to search the residence for evidence of larceny; and (3) the warrant did not describe the items to be seized with sufficient particularity.

I. THE TOTALITY OF THE CIRCUMSTANCES SUPPORTS THE ISSUANCE OF THE SEARCH WARRANT.

Search warrants should be supported by affidavits that set forth the facts and circumstances that establish the existence of probable cause so that the magistrate may properly and independently evaluate whether a warrant should issue. *United States v. Friedeman*, 210 F.3d 227, 229 (4th Cir. 2000). Search warrants are reviewed by evaluating the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 231 (1983).

Here, the totality of the circumstances support the statements set forth in Detective Malpass's affidavit. The defendants deny their failure to return the detective's phone calls, but they do not deny that when Detective Malpass attempted to contact them at the 81 H.E. Hales Drive residence they ignored him. The defendants' failures to respond to Detective Malpass's attempts to contact them at the residence corroborated the detective's statements regarding the defendants avoidance of his phone calls. As such, the defendant has not made a showing that the warrant

3

affidavit contained any intentionally or recklessly false statements. *See Franks v. Delaware*, 438 U.S. 154 (1978).

II. THERE WAS PROBABLE CAUSE TO SEARCH THE RESIDENCE AT 81 H.E. HALES DRIVE FOR EVIDENCE OF LARCENY.

Probable cause exists where a reasonable person would believe that evidence of a crime will be found in the place to be searched. *See United States v. Richardson*, 607 F.3d 357, 369 (4th Cir. 2010). The amount of time that passes between the occurrence of an event that gives rise to probable cause and the issuance of a warrant is not dispositive as to the question of whether the warrant was properly issued. *Id.* at 370. However, time is related to probable cause. "A valid search warrant may issue only upon allegations of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. McCall*, 740 F.2d 1331, 1335-36 (4th Cir.1984).

Here, although the larceny had occurred some seven months prior, Detective Malpass discovered that defendant Mullen had pawned the Temple ring and on the same day he made this discovery he applied for the warrant at issue. It was reasonable to believe that some evidence of the larceny might still be found at the residence because, although the Temple ring had been pawned, it would be difficult to sell the watch box for any significant value. Further, stolen items might be kept for personal use and it was reasonable to think that the radio might have been retained by the defendants for their own use. It is reasonable to assume that stolen items that are difficult to sell or are retained for personal use would be kept in the defendants' residence. *See United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988)(citing cases from the Fifth, Sixth, Eighth, and Ninth Circuits all finding that the nexus between the "place to be searched and the items to be seized may been established by the nature of the item and the normal inferences of

4

where one would likely keep such evidence."). For these reasons, the nexus between time, place, and criminal conduct was sufficient to form the probable cause necessary to obtain a warrant.

III. THE WARRANT DESCRIBED THE ITEMS TO BE SEIZED WITH SUFFICIENT PARTICULARITY.

The Fourth Amendment requires that a warrant issued must "particularly describ[e] the place to be searched, and the persons or things to be seized." The Court agrees with defendants that this standard is necessary in order to prevent "the seizure of one thing under a warrant describing another." *Marron v. United States*, 275 U.S. 192, 196 (1927). However, "[t]here is a practical margin of flexibility permitted by the constitutional requirement for particularity in the description of items to be seized." *United States v. Torch*, 609 F.2d 1088, 1090 (4th Cir. 1979)(quoting *United States v. Davis*, 542 F.2d 743, 745 (8th Cir. 1976)).

Here, the warrant described the items to be seized as: "A VHF SHIP TO SHORE RADIO, SONY MARINE STEREO AND A BOX FOR A ROLEX WATCH." Although this description does not contain a physical description of the size, shape, or color of the items to be seized it does provide more than a generic description. Further, given that the items identified in the warrant are not commonplace items that would be found in the average home the inclusion of brand names was sufficient to prevent the seizure of the wrong item. If the description had merely listed a "radio" and a "watch box" as the items to be seized it would be clearly inadequate. However, the description included in the warrant was a sufficient one under the Fourth Amendment standard for particularity.

5

## CONCLUSION

For the foregoing reasons, the defendants' motion to suppress is DENIED.

SO ORDERED.

This the __4__ day of June, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6